UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTTIE R. EDWARDS,

    Plaintiff,

    v.                                CAUSE NO.: 3:18-CV-155-JD-MGG

JOYCE RHODES, WILLIAM MARTIN,
and MIAMI CORRECTIONAL FACILITY
SUPERVISOR OF EDUCATION,

    Defendants.

## OPINION AND ORDER

Scottie R. Edwards, a prisoner without a lawyer, filed a complaint alleging he was racially discriminated against at the Miami Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Edwards alleging he completed the United States Department of Labor Legal Secretary apprenticeship program. He alleges completion of the program automatically results in a six month reduction in his release date. He alleges that because of his race, Joyce Rhodes and William Martin fired him from his prison law library job and falsified

his apprenticeship records so he would be denied his certification and time cut. The equal protection clause precludes prison officials from denying a prisoner job opportunities based on race. *Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987) (A black inmate stated a cause of action by alleging racial discrimination in the assignment of prison jobs). Therefore Edwards may proceed against Joyce Rhodes and William Martin for racially discriminating against him in violation of the Fourteenth Amendment.

Edwards also names Warden Kathy Griffin and Executive Director William K. Smith as defendants. He does not allege they racially discriminated against him. Rather, he alleges they did not properly investigate Rhodes or Martin after he wrote and complained about discrimination. However, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore he does not state a claim against either Griffin or Smith.

Additionally, Edwards is seeking injunctive relief to be awarded the Legal Secretary certification he alleges he completed and the resultant automatic six month time cut. Pursuant to Indiana Department of Correction Policy 01-01-101:

> Once an offender has completed all requirements for the vocational program, the teacher shall compute the number of attended class hours for the offender. The Supervisor of Education shall certify the computed class hours. Offenders who complete a program designated as an "A" program (i.e., consisting of 1000 hours or more) shall qualify for an "A" time cut. Offenders who complete a program identified as a "B" program (i.e., consisting of less than 1000 hours) shall qualify for a "B" time cut. The program designations shall be maintained by the Supervisor of Education and the Director.
> (NOTE: An "A" time cut will be 183 days and a "B" time cut will be 90 days.)

Id. at VII.A.9. Available at https://www.in.gov/idoc/files/01-01-101Adult_Academic_and_Vocational_Programs_9-1-07.pdf at 22. Therefore the Miami Correctional Facility Supervisor of Education will be added as a defendant for the injunctive relief claim.

Finally, Edwards paid the filing fee and is not proceeding in forma pauperis. Therefore the defendants will not be served for free pursuant to 28 U.S.C. § 1915(d). Rather, Edwards is responsible for serving the defendants with a copy of this order and the complaint with exhibits as required by Federal Rule of Civil Procedure 4. If he would like to have the United States Marshals Service serve the defendants by certified mail, he must send the summons with sufficient copies of this order, the complaint and exhibits with a properly completed USM-285 and a check for $26.64 ($8.88 per defendant) to: United States Marshals Service, Room 233, 204 South Main Street, South Bend, IN 46601.

For these reasons, the court:

(1) GRANTS Scottie R. Edwards leave to proceed against Joyce Rhodes and William Martin in their official capacities for compensatory and punitive damages for racially discriminating when they fired him from his prison law library job and falsified apprenticeship records so he would be denied his certification and time cut in violation of the Equal Protection Clause of the Fourteenth Amendment;

(2) GRANTS Scottie R. Edwards leave to proceed against the Miami Correctional Facility Supervisor of Education in an official capacity for injunctive relief to be awarded the Legal Secretary certification and six month time cut;

(3) DISMISSES all other claims;

(4) DISMISSES Kathy Griffin and William K. Smith;

(5) DIRECTS the clerk to sign and seal the summons and send them to Scottie R. Edwards with three blank USM-285 forms and a copy of the complaint with exhibits (ECF 1); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Joyce Rhodes, William Martin, and the Miami Correctional Facility Supervisor of Education to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 18, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT