UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTTIE R. EDWARDS,<br><br>        Plaintiff,<br><br>        v.<br><br>JOYCE RHODES, WILLIAM MARTIN,<br>and MIAMI CORRECTIONAL FACILITY<br>SUPERVISOR OF EDUCATION,<br><br>        Defendants. | CAUSE NO.: 3:18-CV-155-JD-MGG |

## OPINION AND ORDER

The screening order entered on May 18, 2018, contains a scrivener's error on page three. The order mistakenly states Edwards may proceed against "Joyce Rhodes and William Martin in their *official* capacities for compensatory and punitive damages . . .." ECF 12 at 3 (emphasis added). It should have said *individual* capacities.

Edwards cannot proceed against Rhodes or Martin in their official capacities for compensatory damages because "a suit against a[n] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). The Eleventh Amendment precludes monetary claims against a State and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987).

However, Edwards can proceed against Rhodes and Martin in their individual capacities because "state officials, sued in their individual capacities, are 'persons'

within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

For these reasons, the court AMENDS the order entered May 18, 2018, (ECF 12) to correct the scrivener's error on page 3 by replacing the paragraph which granted Scottie R. Edwards leave to proceed against "Joyce Rhodes and William Martin in their *official* capacities for compensatory and punitive damages" with this paragraph:

> GRANTS Scottie R. Edwards leave to proceed against Joyce Rhodes and William Martin in their *individual* capacities for compensatory and punitive damages for racially discriminating when they fired him from his prison law library job and falsified apprenticeship records so he would be denied his certification and time cut in violation of the Equal Protection Clause of the Fourteenth Amendment.

SO ORDERED on July 18, 2018

          /s/ JON E. DEGUILIO
          JUDGE
          UNITED STATES DISTRICT COURT