UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTTIE R. EDWARDS,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-155-JD-MGG

JOYCE RHODES, WILLIAM MARTIN,
and JOHN NALLY,

    Defendants.

OPINION AND ORDER

Scottie R. Edwards, a prisoner without a lawyer, filed an amended complaint (ECF 50) alleging he was racially discriminated against at the Miami Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Edwards alleges he completed the United States Department of Labor Legal Secretary apprenticeship program. He alleges completion of the program automatically results in a six month reduction in his release date. He alleges that because of his race, Joyce Rhodes and William Martin fired him from his prison law library job and falsified

his apprenticeship records so he would be denied his certification and time cut. The equal protection clause precludes prison officials from denying a prisoner job opportunities based on race. *Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987) (A black inmate stated a cause of action by alleging racial discrimination in the assignment of prison jobs). Therefore Edwards may proceed against Joyce Rhodes and William Martin for racially discriminating against him in violation of the Fourteenth Amendment.

Edwards also names John Nally as a defendant. He does not allege Nally racially discriminated against him. Rather, he alleges Nally did not adequately review the Department of Labor apprenticeship records and therefore has not properly adjusted his release date. Detaining an inmate beyond his release date can, under certain circumstances, constitute a violation of the Eighth Amendment. *Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). However, Edwards has not yet been held past his earliest possible release date even if he were given the time cut credit he seeks. Moreover, to state such a claim, the plaintiff must show that "a prison official knew of the prisoner's problem and thus of the risk that unwarranted punishment was being inflicted." *Burke*, 452 F.3d at 669; *see also Campbell*, 256 F.3d at 700 (inmate stated claim against prison officials who failed to release him at the end of his sentence). Here, Edwards has not alleged Nally knows he is entitled to the credit, but refuses to award it to him. Rather, he merely alleges Nally does not believe he is entitled to a time cut because he has not adequately reviewed his records. To state a claim for being held past a release date, the inmate's extended

incarceration must be "the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated." *Campbell*, 256 F.3d at 700. "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Here, Edwards has not alleged facts from which it can be plausibly inferred that Nally was deliberately indifferent. Therefore Nally will be dismissed.

For these reasons, the court:

(1) GRANTS Scottie R. Edwards leave to proceed against Joyce Rhodes and William Martin in their individual capacities for compensatory and punitive damages for racially discriminating when they fired him from his prison law library job and falsified apprenticeship records so he would be denied his certification and time cut in violation of the Equal Protection Clause of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES John Nally; and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Joyce Rhodes and William Martin to respond, as provided for in the Federal Rules of Civil Procedure and N.D.

Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 31, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT