UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTTIE R. EDWARDS,

Plaintiff,

v.                                          CAUSE NO.: 3:18-CV-155-JD-MGG

JOYCE RHODES and WILLIAM
MARTIN,

Defendants.

OPINION AND ORDER

Scottie R. Edwards, a prisoner without a lawyer, filed a third and fourth

amended complaint. *See* ECF 1, 42, 50, 59, and 63. He did not file a motion asking to

amend, but he should have done so. Pursuant to Federal Rule of Civil Procedure

15(a)(1), a party may amend his pleading once as a matter of course under some

circumstances. After that, amendments may be made only with the consent of opposing

parties or by leave of court. Rule 15(a)(2). "A document filed pro se is to be liberally

construed, and a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted). Therefore the court will

construe the Fourth Amended Complaint as including a motion to amend. It is

unnecessary to consider the Third Amended Complaint because "when a plaintiff files

an amended complaint, the new complaint supersedes all previous complaints . . .."

*Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Leave to amend should be freely granted when justice so requires, but the court has broad discretion to deny a request to amend where there is delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile. *Id*. and *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009). Here, Edwards wants to amend to add Nancy Rush, the Miami Correctional Facility Department of Labor Apprenticeship Supervisor, whom he alleges "was negligent in her responsibilities when she did not" upload "Graduate Records in the computer system and [notify] the Department Office of Apprenticeship (DOA) that Plaintiff should be placed on the list of graduates from the Legal Secretary Class." ECF 63 at 4. However, "[n]egligence on the part of an official does not violate the Constitution, [i]nstead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Even incompetence does not state a claim of deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Thus it would be futile to grant Edwards leave to file this amended complaint merely to add that claim. Therefore he will be denied leave to amend and will proceed on his Second Amended Complaint (ECF 50) and the order (ECF 57) which screened it.

For these reasons, the court:

(1) LIFTS the stay;

(2) DENIES Scottie R. Edwards leave to amend (ECF 63)

(3) DIRECTS the clerk to indicate on the docket that Scottie R. Edwards was not granted leave to file the Third or Fourth Amended Complaints (ECF 59 and 63);

(4) REMINDS the parties Scottie R. Edwards was granted leave to proceed (ECF 57) against Joyce Rhodes and William Martin in their individual capacities for compensatory and punitive damages for racially discriminating when they fired him from his prison law library job and falsified apprenticeship records so he would be denied his certification and time cut in violation of the Equal Protection Clause of the Fourteenth Amendment; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Joyce Rhodes and William Martin to respond by **June 6, 2019**, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 25, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT