UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTTIE R. EDWARDS,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-155-JD-MGG

JOYCE RHODES, WILLIAM MARTIN,
and NANCY RUSH,

    Defendants.

## OPINION AND ORDER

Scottie R. Edwards, a prisoner without a lawyer, filed an amended complaint alleging he was racially discriminated against at the Miami Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Edwards alleges he completed the United States Department of Labor Legal Secretary apprenticeship program. He alleges completion of the program automatically results in a six month reduction in his release date. He alleges that because of his race, Joyce Rhodes and William Martin fired him from his prison law library job and falsified

his apprenticeship records so he would be denied his certification and time cut. He alleges Nancy Rush knew his records had been falsified and knew he was qualified to receive the six month credit. He alleges that because of his race, Nancy Rush processed his paperwork to deny him the six month credit.

The equal protection clause precludes prison officials from denying a prisoner job opportunities based on race. *Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987) (A black inmate stated a cause of action by alleging racial discrimination in the assignment of prison jobs). Therefore Edwards may proceed against Joyce Rhodes, William Martin and Nancy Rush for monetary damages for racially discriminating against him in violation of the Fourteenth Amendment.

Additionally, Edwards is seeking injunctive relief to be awarded the Legal Secretary certification he alleges he completed and the resultant automatic six month time cut. Because he alleges Nancy Rush could have done this in her official capacity as the Department of Labor Coordinator, he will be granted leave to proceed against her in her official capacity for injunctive relief.

Finally, Joyce Rhodes and William Martin have already entered appearances, so their attorneys will receive a copy of this order. However, Nancy Rush has not yet been served. Edwards paid the filing fee and is not proceeding in forma pauperis. Therefore she cannot be served for free pursuant to 28 U.S.C. § 1915(d). Rather, Edwards is responsible for serving Nancy Rush with a copy of this order and the amended complaint and exhibits (ECF 69) as required by Federal Rule of Civil Procedure 4. One

option is for him to pay the United States Marshals Service to serve her. They can be contacted at:

United States Marshals Service, Room 233
204 South Main Street
South Bend, IN 46601.

For these reasons, the court:

(1) GRANTS Scottie R. Edwards leave to proceed against Joyce Rhodes and William Martin in their individual capacities for compensatory and punitive damages for racially discriminating against him by firing him from his prison law library job and falsifying apprenticeship records so he would be denied his certification and time cut in violation of the Equal Protection Clause of the Fourteenth Amendment;

(2) GRANTS Scottie R. Edwards leave to proceed against Nancy Rush in her individual capacity for compensatory and punitive damages for racially discriminating against him by processing his paperwork to deny him certification and a time cut in violation of the Equal Protection Clause of the Fourteenth Amendment;

(3) GRANTS Scottie R. Edwards leave to proceed against Nancy Rush in her official capacity as the Department of Labor Coordinator for injunctive relief to be awarded the Legal Secretary certification and six month time cut;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to sign and seal summons for Nancy Rush and send them to Scottie R. Edwards with a blank USM-285 form and a copy of the amended complaint with exhibits (ECF 69); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Joyce Rhodes, William Martin, and Nancy Rush to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 27, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT